IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JOSHUA INGRAM** | **CRIMINAL ACTION**<br><br>**NO. 22-56-KSM-1** |

**ORDER**

**AND NOW**, this 6th day of September, 2024, upon consideration of Defendant's pro se § 2255 Motion to vacate, set aside, or correct his sentence (Doc. No. 60), and the response and reply thereto (Doc. Nos. 62, 63), **IT IS ORDERED** that the § 2255 Motion is **DENIED.** A Certificate of Appealability shall not issue.[1]

**IT IS SO ORDERED.**

/s/ Karen Spencer Marston
_____
KAREN SPENCER MARSTON, J.

---

[1] Because jurists of reason would not debate the procedural or substantive dispositions of Petitioner's claims, no certificate of appealability should be granted. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . .  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").